IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA FOSTER,

   Plaintiff,

    v.

PROXIX SOLUTIONS, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-1947-TWT

ORDER

This is a diversity action for fraud and negligent misrepresentation. It is before the Court on the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 22]. For reasons stated below, the Defendants' motion is GRANTED.

I. BACKGROUND

The Plaintiff is a former employee of the Defendant Proxix Solutions, Inc. Her cause of action arises out of alleged misrepresentations made by the Defendants prior to her employment. On September 13, 2005, Marcia Little, writing on behalf of Proxix, sent a letter to Barbara Foster's Arizona address, extending an offer employment. The offer, however, was conditional. Though Proxix is a Delaware corporation with headquarters in Florida, the letter stated that Foster's offer was "dependent" on her relocation to Atlanta, Georgia. (Decl. of Marcia Little, Ex. A, at

6.) The letter gave Foster 90 days to move and authorized her to work from home in Arizona until she moved to Atlanta. The letter stipulated that even upon Foster's move to Atlanta, she would still be required to work from her home residence, or as the employment letter described it, a "virtual office." In the letter, Proxix also promised to outfit Foster's virtual office "with a laptop computer as well as other tools."

After her employment was terminated, the Plaintiff filed this action for fraud and negligent misrepresentation against her former employer Proxix Solutions, Inc., its President Paul Wray, and its Vice President Greg Kingen. Her Complaint alleges that agents of Proxix lied about the strength of the company, made false promises in order to get her to take the job, and conducted a fraudulent commission scheme by taking sales away from Foster just as she was closing deals. The Defendants have filed this Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 22]. They argue that there is no personal jurisdiction over the individual Defendants or Proxix. They allege that they are all residents of Florida, live in Florida, and have no meaningful contacts with Georgia.

## II. DISCUSSION

The Defendants challenge this Court's personal jurisdiction over Proxix, Kingen, and Wray. "In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1998). This standard is satisfied "if the plaintiff presents enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). In the Eleventh Circuit, a party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . ." Walker v. NationsBank of Florida, 53 F.3d 1548, 1554 (11th Cir. 1995). Thus, a plaintiff need not conclusively prove the facts necessary for the assertion of personal jurisdiction. Rather, she must present enough evidence to create a jury question. A court must construe the allegations in the complaint as true to the extent that they are not controverted by the defendant. Morris, 843 F.2d at 492. Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Madara, 916 F.2d at 1514.

A federal court sitting in diversity is bound by the long-arm statute of the state in which it sits. <u>Charlie Fowler Evangelistic Ass'n v. Cessna Aircraft Co.</u>, 911 F.2d 1564, 1565 (11th Cir. 1990); <u>Nippon Credit Bank, LTD v. Matthews</u>, 291 F.3d 738, 746 (11th Cir. 2002) ("In a diversity action, a federal court has personal jurisdiction over a non-resident defendant to the extent permitted by the forum state's long-arm statute.")). In Georgia, courts are authorized to exercise the broadest scope of personal jurisdiction authorized by the Due Process Clause of the Fourteenth Amendment. <u>Innovative Clinical & Consulting Serv., LLC v. First Nat'l Bank</u>, 279 Ga. 672, 675 (2005) (finding that the statute "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State," but only to the extent permitted by due process). The Georgia Supreme Court's construction of the statute has prompted courts in this District to simply bypass the statutory analysis, and to proceed to the minimum contacts analysis under the Due Process Clause. <u>See</u>, <u>e.g.</u>, <u>Exeter Shipping Lim. v. Kilakos</u>, 310 F. Supp. 2d 1301, 1312 (N.D. Ga. 2004) (foregoing discussion of long-arm statute where it confers jurisdiction to the maximum extent permitted by federal due process requirements); <u>see</u> <u>also</u> <u>McGow v. McCurry</u>, 412 F.3d 1207, 1214 (11th Cir. 2005) (noting that Eleventh Circuit has interpreted Georgia's long-arm statute, O.C.G.A. § 9-10-91, to confer personal jurisdiction over non-resident defendants to "the

maximum extent permitted by due process"). Thus, the Court proceeds directly to the due process analysis.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)). Rules regulating the exercise of personal jurisdiction provide a "degree of predictability to the legal system that allows defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Federal courts have recognized two genres of personal jurisdiction that satisfy the Due Process Clause of the Fourteenth Amendment. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 415 (1984). Specific jurisdiction exists where a suit arises out of or is related to a defendant's contacts with the forum. A court may exercise general jurisdiction, on the other hand, where a defendant has "continuous and systematic contacts with the forum." If a forum has general jurisdiction over a defendant, the forum has personal jurisdiction over any cause of action brought against that defendant, regardless of whether the cause of action arises from the

defendant's contacts with the forum.  Helicopteros, 466 U.S. at 414; see also Exeter Shipping, 310 F. Supp. 2d at 1312.

The Defendants' motion should be granted for several reasons.  First, the Defendants argue that the cause of action did not "arise out of" Proxix's contacts with Georgia because all of the alleged misrepresentations occurred while the Plaintiff still lived in Arizona.  The Plaintiff does not address this technical argument for why specific jurisdiction is lacking.  Second, the Defendants argue that they were not transacting business in Georgia at the time the contacts took place.  Thus, the Court lacks jurisdiction under either the long-arm statute, or the due process requirements of specific jurisdiction.  The Plaintiff does not address any of the Defendants' detailed arguments for why the suit does not arise out of the Defendants' contacts with the forum.  Third, while the Plaintiff's main argument is that the Defendants did transact business in Georgia, she does not argue that these contacts are sufficient to establish general jurisdiction.  Fourth, the Plaintiff does not contest the Defendants' arguments that even if Proxix has the requisite contacts with Georgia, neither Kingen nor Wray do.  Lastly, the Plaintiff asks for discovery on the issue of personal jurisdiction.  There is little if any reason to allow additional discovery.  No additional facts would support the Plaintiff's arguments.  The Court is not persuaded that discovery would shed more light on the issue.

## III. CONCLUSION

The Defendants' Motion to Dismiss is GRANTED. This action is dismissed without prejudice.

SO ORDERED, this 12 day of March, 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge